## In re DEFENSES AND OBJECTIONS TO PERSONAL PROPERTY TAXES FOR 1971 ASSESSMENT.

### STATE of Minnesota, Respondent,

v.

### NORTHWEST AIRLINES, answering taxpayer, Appellant.

#### No. 48206.

Supreme Court of Minnesota.

July 21, 1978.

Rehearing Denied Aug. 16, 1978.

Johnson & Eastlund, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., C. H. Luther, Deputy Atty. Gen., Dept. of Revenue, St. Paul, Gary Flakne, Co. Atty., Donald Lalor, Asst. County Atty., Minneapolis, for respondent.

Heard before SHERAN, C. J., and PETERSON and SCOTT, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

Northwest Airlines, Inc. (Northwest), brought this action in district court claiming that for the 1971 assessment year it was entitled to a personal property tax exemption under Minn.St. 272.02, subd. 1(11)(b), for all of its ground support personal property at three locations in Hennepin County. After a bench trial the district court held that the exemption applied to only a part of the personal property in question and entered judgment for the state. We affirm.

The property in question is Northwest's ground support property at its Southdale Mall and North Star Center ticket offices and at Wold Chamberlain Field. The prop-

erty at Southdale Mall and North Star Center is referred to by both parties as "computer reservation equipment," "furniture," and "fixtures." The property at Wold Chamberlain Field has been classified according to Civil Aeronautics Board (CAB) account numbers and is referred to by the parties as follows:

| CAB ACCOUNT NUMBER | NAME OF ACCOUNT | MARKET VALUE |
|---|---|---|
| 1330 | Raw materials and supplies | $ 611,610 |
| 1330 | Fuel | 47,489 |
| 1330 | Oil | 5,356 |
| 1631 | Hotel, restaurant and food service equipment | 120,306 |
| 1632 | Hangar, shop, and ramp equipment and stairs | 1,336,542 |
| 1633 | Communication and meteorological equipment | 59,612 |
| 1634 | Maintenance and engineering equipment | 4,383,493 |
| 1635 | Vehicles not licensed | 7,683 |
| 1636 | Furniture and office equipment | 2,237,874 |
| 1637 | Storage and distribution equipment | 32,963 |
| 1638 | Miscellaneous ground equipment | 1,605,115 |

During 1971, the assessment year in question, Minn.St.1969, § 272.02, subd. 1(11)(b), allowed Northwest to elect for its ground support personal property an exemption as to either (a) "inventories" or (b) "[t]ools and machinery * * * used or useable * * * in the manufacture, processing, production, sale or distribution of marketable products." For its property at Wold Chamberlain Field, Northwest decided to claim the "tools and machinery" exemption, which as applied to Northwest's business would exempt "tools and machinery * * * used or useable * * * in the * * * distribution of marketable products." The state took the view, apparently unchallenged by Northwest, that "distribution of marketable products," as applied to North-

west's operations, referred to distribution of cargo and not passengers. The state and Northwest did not attempt to precisely specify which of the multitude of personal property items at Wold Chamberlain Field were "[t]ools and machinery * * * used or useable" in cargo, as opposed to passenger or other operations.[1] Instead, the state and Northwest surveyed the property generally and agreed to an exemption of $263,-863 as the value of tools and machinery used or useable in connection with Northwest's cargo operations. This amount was then claimed by Northwest as an exemption on its return for property at Wold Chamberlain Field. No exemption was claimed for the personal property at the Southdale Mall and North Star Center ticket offices.

In 1972, Northwest brought this action in district court claiming that, for the 1971 assessment year, all of the personal property mentioned above came with the tools and machinery exemption. The trial court disagreed and held that the property at the two ticket offices and the property in CAB account No. 1330 (raw materials and supplies, fuel, and oil) was not "tools and machinery" within the meaning of the exemption. For the property in other accounts at Wold Chamberlain Field the trial court found, as fact, that $263,863 (the amount originally arrived at by Northwest and the state) represented the value of items which were tools and machinery used or useable in cargo operations and held that Northwest was only entitled to an exemption for that amount.

On appeal Northwest does not dispute the premise that the § 272.02, subd. 1(11)(b) exemption applies only to tools and machinery used or useable in its cargo operations. Instead, Northwest argues[2] that all of the ground support personal property at the

---

1. The record indicates that most Northwest flights carry both passengers and cargo. Most of Northwest's revenues, however, come from its passenger operations. In 1970, 8 percent of Northwest's total revenues came from carrying cargo; in 1971 this increased to 9 percent.

2. As authority, Northwest relies principally on *General Mills, Inc. v. Commr. of Taxation*, 294 Minn. 175, 199 N.W.2d 636 (1972), but that

case is readily distinguishable. In this case there was no showing analogous to that made in General Mills that Northwest's computer reservation equipment was used principally for distribution of cargo. The other property in question in General Mills was referred to as "tools and machinery" used for quality control and research. We held that research and quality control are part of the process of producing marketable products and that therefore the

three locations constitutes tools and machinery used or useable for cargo operations because all Northwest flights carry some cargo and because all the personal property in question is instrumental in putting Northwest flights in the air.

We must disagree. Northwest's interpretation would, in effect, convert the limited exemption in effect during the 1971 assessment year into a blanket exemption for almost all business personal property. The legislature did not grant this far broader exemption until it rewrote the exemption statute,[3] effective beginning with the 1972 assessment year, to make virtually all business personal property exempt from taxation. This case concerns exemptions for the 1971 assessment year and thus is governed by the older, much narrower exemption. We have previously held that this exemption statute should be strictly construed. *Abex Corporation v. Commr. of Taxation*, 295 Minn. 445, 207 N.W.2d 37 (1973). Construing the statute in that fashion we find no basis for rejecting the trial court's findings and conclusions.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.

---

tools and machinery were exempt. But that holding provides no precedent for the question in this case of what property should be considered tools and machinery.

3. Ex.Sess.L.1971, c. 31, art. XXII, § 3.